No. 98-361

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 318N

BENJAMIN L. SHUFFIELD,

Plaintiff and Appellant,

v.

AFSCME LOCAL 238A, David Harris, President and AFSCME MONTANA

STATE COUNCIL NO. 9 AFL-CIO affiliated Tom Foley, Executive Director,

Defendants and Respondents,

and

THE CITY OF MILES CITY, MONTANA, GEORGE T. KURKOWSKI,

Mayor and the Official Bonds of George T. Kurkowski, Mayor, Curtis Myran,

Utilities Director, and Patrick Rogers, Operations Director,

Third-Party Defendants and Respondents.

APPEAL FROM: District Court of the Sixteenth Judicial District,

In and for the County of Custer,

The Honorable Joe L. Hegel, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Benjamin L. Shuffield, Pro Se, Miles City, Montana

For Respondents:

D. Patrick McKittrick; McKittrick Law Firm., P.C.; Great Falls,

Montana (for Defendants and Respondents)

James T. Carr, City Attorney; Miles City, Montana

(for Respondent City of Miles City)

Submitted on Briefs: November 24, 1998

Decided: December 23, 1998

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

**¶1. Pursuant to Section I, paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

**¶2. The plaintiff, Benjamin L. Shuffield, filed a complaint in the District Court for the Sixteenth Judicial District in Custer County in which AFSCME Local 238A and AFSCME Montana State Council No. 9 AFL-CIO, and officials of each union, David Harris and Tom Foley, are named as defendants. He alleged that the unions breached their duty to represent him in a labor dispute with his employer, the City of Miles City. The defendants moved the District Court to dismiss the complaint because it was time-barred. The District Court granted the motion and ordered Shuffield to pay attorney fees. Shuffield appeals. We affirm the order of the District Court.**

**¶3. There are three issues on appeal:**

**¶4. 1. Did the District Court err when it dismissed the action as time-barred?**

**¶5. 2. Did the District Court err when it awarded attorney fees to Harris and Foley**

for the cost of their allegedly improper personal joinder?

¶6. 3. Did the District Court err when it dismissed the claim prior to the time that Shuffield filed for binding arbitration?

## FACTUAL BACKGROUND

¶7. Benjamin L. Shuffield was an employee of the City of Miles City and was a member of and represented by the American Federation of State, County, and Municipal Employees Local 238A, as well as the AFSCME Montana State Council No. 9. After he was terminated from his employment in October 1996, Shuffield filed a grievance request with the union in which he alleged that he had been wrongfully discharged by the City. He was dissatisfied with the unions' response to the grievance request, and on November 27, 1996, filed with the State Board of Personnel Appeals unfair labor practice allegations against the unions.

¶8. The Board appointed a hearing officer to address the charges. Shuffield moved to disqualify the hearing officer. However, based on the hearing officer's apparent continued authority and the alleged bias of the Board, Shuffield withdrew his complaint before the Board on May 7, 1997.

¶9. On August 18, 1997, Shuffield filed in the District Court a complaint against AFSCME Local 238A and AFSCME Montana State Council No. 9 AFL-CIO, and president David Harris and executive director Tom Foley of the respective unions. Shuffield claimed that between the dates of July 5, 1993, and January 6, 1997, the unions breached their duty to him; no more specific facts were alleged. Shuffield later filed an amended complaint in an attempt to join the City of Miles City and a number of other city officials as defendants.

¶10. Shuffield filed a motion to demand judgment by default. Harris and Foley contended that they had not been properly served by Shuffield and consequently challenged the District Court's jurisdiction over them, but nonetheless responded to Shuffield's motion while preserving the issue of personal jurisdiction. They filed motions which sought dismissal of Shuffield's complaint because it failed to state a claim and because it was time-barred, and in the alternative, dismissal of Harris and Foley personally and recovery of attorney fees and costs. Prior to the District Court's decision, Shuffield filed an offer to enter arbitration, which the defendants rejected.

¶11. On May 5, 1998, the District Court dismissed Shuffield's claim. It stated that pursuant to § 39-31-404, MCA, a six-month statute of limitations applies to actions filed for unfair labor practices, and that Shuffield's claim was therefore time-barred. Pursuant to its dismissal, it awarded attorney fees and costs to Harris and Foley, whom it found were improperly joined by Shuffield and forced to respond to his allegations despite the well-established principle that union officials cannot be sued individually.

## ISSUE 1

¶12. Did the District Court err when it dismissed the action as time-barred?

¶13. We review the question of whether a district court properly applied a statute of limitations to determine whether the district court's interpretation of the law is correct. *See Barthule v. Karman* (1994), 268 Mont. 477, 484, 886 P.2d 971, 976.

¶14. Shuffield's complaint alleges union wrongdoing against him between the dates of July 5, 1993, and January 6, 1997. Defendants contend that pursuant to § 39-31-404, MCA, and its six-month statute of limitations, his August 18, 1997, complaint is time-barred, since more than six months had passed since the date of last injury. Shuffield concedes that the six-month statute of limitations applies. However, he asserts that he satisfied the statute when he filed his November 1996 claim before the Board of Personnel Appeals which, according to him, was improperly dismissed.

¶15. We note first that Shuffield's November complaint before the Board did not serve to toll the statute of limitations regarding the unfair labor practice claim filed in the District Court. The two forums are distinct, and Shuffield has provided us no legal authority by which we might effectively merge the one complaint with the other for purposes of satisfying the statute of limitations. Moreover, Shuffield's allegation that his complaint before the Board was improperly dismissed is incorrect since he initiated its dismissal himself. Finally, he could have easily satisfied the statute of limitations in the District Court even after the dismissal of his claim before the Board. Shuffield's complaint in the District Court asserted Title 39, Chapter 31, the Collective Bargaining for Public Employees Act, as the exclusive basis for his claim. Accordingly, he is bound by its six-month statute of limitations. We conclude that the District Court's interpretation of the law was correct.

¶16. Shuffield also contends that the District Court erred when it failed to conduct a hearing regarding the application of § 39-31-404, MCA, to this case. We find no merit in his contention. When controlling dates are undisputed, as they are here, the application of the statute of limitations is a question of law, and there would have been no purpose for a hearing.

¶17. Based on our decision regarding the proper application of the statute of limitations, we decline to address Shuffield's assertions regarding his right to join as third parties the other parties he claims are jointly and severally liable. Because the complaint was not timely filed, Shuffield has no claim against any of the alleged parties.

ISSUE 2

¶18. Did the District Court err when it awarded attorney fees to Harris and Foley for the cost of their allegedly improper personal joinder?

¶19. The District Court found that Shuffield had ignored well-settled law when he named Harris and Foley as defendants, and thereby improperly joined them in this matter. It relied on *Atkinson v. Sinclair Refining Co.* (1962), 370 U.S. 238, 82 S. Ct. 1318, 8 L. Ed. 2d 462, which held that union officers cannot be made personally liable for actions taken pursuant to their role as union officers. Accordingly, it ordered Shuffield to pay the attorney fees that Harris and Foley incurred in their defense.

¶20. Shuffield concedes that *Atkinson* controls and that Harris and Foley could not be personally liable for their actions. Precisely for that reason, however, he contends that the District Court erred when it awarded them attorney fees to defend what was, in effect, never a real threat of liability. Shuffield's argument is unpersuasive. The fact remains that Shuffield's action forced Harris and Foley to respond to his allegations. Even though they learned from the attorney whom they retained that they were improperly joined, they still had to pay for his services. Accordingly, Shuffield should be responsible for the attorney fees that Harris and Foley incurred to defend against his unjustified claim against them. While Shuffield contends on appeal that Harris and Foley were named only in their official capacity as agents of the union, as opposed to personally, his pleadings indicate otherwise. Regardless of whether he intended to assert personal liability or not, Shuffield named the officials

as parties and forced them to respond as parties.

¶21. Finally, Shuffield contends that because Harris and Foley contested whether they had been properly served in this matter, they should not be able to recover their costs pursuant to the initial period in which the District Court supposedly lacked jurisdiction over them. In the same argument, however, Shuffield also seems to assert that service was proper and that the officers' personal jurisdiction claim was fraudulent and frivolous, on which basis we should hold that the District Court erred when it concluded that service was inadequate and consequently denied Shuffield's motion for default judgment.

¶22. Shuffield's position misconstrues the law regarding service, and our review of the record in this case reveals that the District Court's interpretation and application of Rule 4D, M.R.Civ.P., was correct. Contrary to Shuffield's contention, a party who declines to acknowledge service by mail, as Harris and Foley did here, cannot be made subject to default judgment until he has been properly served by the alternate means provided in Rule 4D, M.R.Civ.P., an option which Shuffield did not properly effect in this case. The officers' claims for attorney fees do not somehow transform the attempted service by mail into a valid legal service. That is, even though the service was inadequate, Harris and Foley were still forced by Shuffield to retain the services of an attorney. Furthermore, their limited and qualified response to Shuffield's claim, even if they were in fact never officially made subject to the action due to the improper service, does not in and of itself become an acknowledgment of service or an admission of their willingness to accept service. Accordingly, we affirm the District Court's award of attorney fees to Harris and Foley.

ISSUE 3

¶23. Did the District Court err when it dismissed the claim prior to the time that Shuffield filed for binding arbitration?

¶24. Shuffield contends that the District Court erred when it granted the defendants' motion to dismiss prior to the time that he supposedly could file for arbitration. The record reveals that on March 31, 1998, Shuffield made an offer to the defendants to enter binding arbitration. On April 10, the unions rejected the offer based in part on their belief that their motion to dismiss would render Shuffield's request to arbitrate moot; the City of Miles City did not respond. Shuffield seems to insinuate from the

various dates and from the allegedly prompt dismissal by the District Court on May 5, 1998, that the defendants colluded with the District Court to bar his "apparent and imminent" shift of this matter to binding arbitration.

¶25. First, we note that Shuffield has failed to present sufficient legal authority by which we might conclude that he in fact had the right which he asserted to compel all the parties here to arbitrate after he had already initiated this action in the District Court. Second, even by Shuffield's own portrayal of the sequence of events, there was still at least an eight-day period in which Shuffield was aware of the unions' rejection and in which he could have attempted to enforce what he contends is the binding arbitration aspect of his agreement with the union. His claim that the District Court and the defendants unfairly barred his arbitration claim is unsupported by the record. Finally, we find no support for his allegations of collusion. As part of their rejection of Shuffield's offer to arbitrate, the unions renewed their request that the District Court rule on the motion to dismiss, which had been pending for over six months. The District Court's "quick" response was a reasonable reaction to the unions' request. We conclude that the District Court did not err when it dismissed Shuffield's claim prior to the time that he filed for binding arbitration.

¶26. We affirm the order and judgment of the District Court.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ J. A. TURNAGE

/S/ W. WILLIAM LEAPHART

/S/ WILLIAM E. HUNT, SR.

No

/S/ KARLA M. GRAY